UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDY POZO SANCHEZ,

Petitioner,

v. Case No.: 2:26-cv-02566-SPC-KRH

DAVID HARDIN *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Andy Pozo Sanchez's Petition for Writ of Habeas Corpus (Docs. 1) and the government's response (Doc. 3).

Pozo Sanchez is a native and citizen of Cuba who was paroled into the United States on November 11, 2023. He has a U.S. citizen daughter, a pending application for adjustment of status, a social security card, employment authorization, and a valid Florida driver's license. On October 2, 2025, the Miami-Dade Sheriff's Office arrested Pozo Sanchez. Immigration and Customs Enforcement (ICE) issued an immigration detainer and took custody of Pozo Sanchez a few days later. Pozo Sanchez is currently detained at Glades County Detention Center. On March 3, 2026, Immigration Judge Stuart Siegel ordered Pozo Sanchez removed to Ecuador. Pozo Sanchez appealed the removal order, so it is not administratively final.

Pozo Sanchez filed a prior habeas action, arguing the government unlawfully detained him under 8 U.S.C. § 1225 rather than § 1226. The Court agreed and ordered the government to afford Pozo Sanchez a bond hearing. On April 6, 2026, Immigration Judge Michael Walleisa found he lacked authority to order Pozo Sanchez's release on bond because the government classified him as an "arriving alien." (Doc. 3-1 at 20-21). Pozo Sanchez argues his continued detention violates the Fifth Amendment and the Immigration and Nationality Act.

In response, the government certifies it is detaining Pozo Sanchez under 8 U.S.C. § 1225(b)(2), which requires the government to detain applicants for admission to the United States who are seeking admission and not clearly and beyond a doubt entitled to be admitted. As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The government also argues—this time correctly—that this Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). But Pozo Sanchez does not ask the Court to reweigh evidence or otherwise review Judge Walleisa's order denying bond. Rather, he challenges the statutory framework undergirding his detention. § 1226(e) does not bar habeas review of such a claim. *Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

Because Pozo Sanchez's petition presents a live controversy that falls under the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Pozo Sanchez's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). While Judge Walleisa held a custody redetermination hearing, the result was a foregone conclusion. He determined that because the government is detaining Pozo Sanchez under § 1225(b)(2), he lacked the authority to order the release of that class of noncitizen. 8 U.S.C. §§ 1003.19(h)(1), 1236.1(c)(11).

Third, while the government has a legitimate interest in preventing noncitizens in removal proceedings from absconding, the process attendant to § 1226(a) would be adequate to serve the interest in this case. That process

includes not just an initial custody redetermination hearing on the merits, but the right to request additional hearings when circumstances materially change. By classifying Pozo Sanchez as an applicant for admission subject to mandatory detention under § 1225(b)(2), the government has stripped him of the right to an initial custody redetermination and any subsequent review of his detention, no matter the circumstances.

For these reasons, the Court finds that ICE violated Pozo Sanchez's Fifth Amendment rights by detaining under a statutory framework that does not provide due process.

Accordingly, it is hereby **ORDERED**:

Andy Pozo Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Pozo Sanchez and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record